COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Tierra Wilson v. Houston Housing Authority

Appellate case number:   01-15-00475-CV

Trial court case number: 1061720

Trial court:             County Civil Court at Law No. 1 of Harris County

Appellant, Tierra Wilson, has filed a motion requesting reconsideration of indigency and "an extension for the record fee." We dismiss appellant's motion as moot.

On May 27, 2015, Wilson filed a notice of appeal of the trial court's final judgment signed on May 18, 2015. The trial court clerk has filed an "Indigent Clerk's Record" that reflects that Wilson, on June 19, 2015, filed an affidavit of indigency in the trial court, and the County Clerk of Harris County, on June 25, 2015, filed a contest to Wilson's affidavit. *See* TEX. R. APP. P. 20.1(a)(2),(c)(1), (e)(1). The trial court, therefore, was required to either conduct a hearing on the contest or sign an order extending the time to conduct the hearing by July 6, 2015. *See id.* 4.1, 20.1(i)(2). And, to properly sustain the contest, the trial court was required to sign an order sustaining the contest within the prescribed period for a hearing. *See* TEX. R. APP. P. 20.1(i)(3), (4). The clerk's record does not include any trial court order extending the time to conduct a hearing or sustaining the contest signed within the applicable time period. On July 20, 2015, Wilson filed an affidavit of indigency in this Court, which was filed in the trial court that day. The clerk's record does not reflect that any contest to that affidavit of indigency was filed. On August 4, 2015, the trial court signed an order sustaining the contest to Wilson's affidavit. *But see* TEX. R. APP. P. 20.1(f) (providing if no contest to affidavit is filed, "no hearing will be conducted, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs"). Accordingly, the allegations in Wilson's affidavit are deemed true, and she is entitled to proceed without advance payment of costs. *See* TEX. R. APP. P. 20.1(a)(4), (f).

The Clerk of this Court is **ORDERED** to make an entry in this Court's records that appellant is indigent and is allowed to proceed on appeal without advance payment of costs.

It is further **ORDERED** that the trial court clerk file with this Court, within 30 days of the date of this order and at no cost to appellant, a clerk's record containing the items specified in Texas Rule of Appellate Procedure 34.5(a).

Appellant's brief is **ORDERED** filed with this Court within 30 days after the date the clerk's record is filed.[1] *See* TEX. R. APP. P. 38.6(a). Appellees' brief, is due to be filed within 30 days after the date appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

It is so ORDERED.

Judge's signature: __/s/ Terry Jennings
                    ☒ Acting individually    ☐ Acting for the Court

Date: _August 25, 2015

---

[1] On June 8, 2015, the court reporter filed an information sheet indicating that there is no reporter's record in this appeal.